# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ALLEN CECIL,<br>CDCR #AF-5647,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>　　　　　　Defendants. | Civil No.   15-cv-2137 GPC (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br>**[ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

　　Gary Allen Cecil ("Plaintiff"), a prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* ECF Doc. No. 1.

　　Plaintiff claims RJD's Warden, an Associate Warden, and two correctional counselors have denied him access to court and violated his due process rights by failing to properly process inmate grievances in accordance with the California Code of Regulations. *See* Compl. at 6-8. Plaintiff seeks injunctive relief as well as nominal and punitive damages. *Id.* at 13.

Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF Doc. No. 2.

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

$10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF Doc. No. 2 at 4, 6-7. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate authorized by a RJD accounting official, and they indicate Plaintiff has had no monthly deposits, has carried no monthly balance, and had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    **A.     Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or

diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th

Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.   Access to Courts

First, Plaintiff contends Defendants have denied him access to the court by "deliberately interfering with . . . Court Orders and filings of inmate appeals." *See* Compl. at 3, 9-10.

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation,

such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's Complaint fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. While Plaintiff does claim to have been "impeded" by Defendants after U.S. Magistrate Judge Kendall J. Newman ordered him to submit a supplemental opposition to a motion for summary judgment which included a copy of a "CDC128-C3 Medical Classification Chrono" related to his medical care claims in a civil rights action he filed in the Eastern District of California, *Cecil v. Beard*, 2:13-cv-1923 TLN-KJN, *see* Compl. at 7, he has failed to include any further "factual matter" to show how or why any of the individual Defendants in *this* case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to *that* case. *Lewis*, 518 U.S. at 348;[2] *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678.

---

[2] Although *Bounds* suggested "that the State must enable the prisoner to discover grievances, *and to litigate effectively once in court*," *Lewis* expressly disavowed such a far-reaching right. 518 U.S. at 354 (emphasis added). Only materials that would ensure meaningful access–the ability to present a claim–are required: "To demand the conferral of sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires." *Id.*

In fact, the Court takes judicial notice of the docket proceedings in *Cecil v. Beard*, 2:13-cv-01923-TLN-KJN,[3] which show that while Plaintiff contends Defendants "instructed" inmate appeals officials "not to supply [him]" with a copy of his CDC128-C3 Medical Classification Chrono "even with the Court's Order," *see* Compl. at 7, Magistrate Judge Newman later "relieved Plaintiff of his obligation to provide the document," and instead ordered the Attorney General to retrieve the document from Plaintiff's medical records, and to lodge a copy of it with the Court. *See Cecil v. Beard*, E.D. Cal. Civil Case No. 2:13-cv-01923-TLN-KJN (Aug. 28, 2015 Order), ECF Doc. No. 130 at 2. Indeed, Plaintiff admits the same, has attached a copy of Judge Newman's Order as an exhibit to his Complaint, and a further review of the docket shows that the Attorney General complied with Judge Newman's Order. *See* Compl. at 8, 31-33 Ex. G; *Cecil v. Beard*, E.D. Cal. Civil Case No. 2:13-cv-01923-TLN-KJN (Sept. 3, 2015 Notice of Compliance [ECF Doc. No. 131]); (Sept. 4, 2015 Amended Notice of Compliance [ECF Doc. No. 132]).

Thus, because Plaintiff has failed to allege facts sufficient to show, and nothing in the docket proceedings in *Cecil v. Beard*, E.D. Cal. Civil Case No. 2:13-cv-01923-TLN-KJN indicate, that Plaintiff suffered any "actual injury" with respect to that case, or any other non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

/ / /

/ / /

/ / /

---

[3] *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

### D.     Grievance Procedures

Plaintiff also claims Defendants have violated his right to procedural due process by failing to "follow their own California Code of Regulations" with regard to the proper processing of his CDCR inmate appeals. *See* Compl. at 8-11.

First, to the extent Plaintiff intends to base a claim on Defendants' failure to follow state law or prison regulations governing inmate appeals as set forth in CAL. CODE REGS., tit. 15 § 3084, et seq., such violations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right. *See Davis v. Scherer*, 468 U.S. 183, 192 (1984). There is no independent cause of action under § 1983 for a violation of Title 15 regulations. *See, e.g., Chappell v. Newbarth*, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Parra v. Hernandez*, 2009 WL 3818376, at 2, 8 (S.D. Cal. Nov. 13, 2009) (same). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).

Second, while the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. CONST. amend. XIV, § 1, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

/ / /

The Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640. *See also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991).

In addition, Plaintiff has failed to plead facts sufficient to show that any Defendant prison official deprived him of a protected *liberty* interest by allegedly failing to respond to any particular prison grievance in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff pleads no facts to suggest how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship." *Id.* at 483-84.

Thus, the Court finds that Plaintiff's due process allegations also fail to support a plausible claim upon which relief may be granted and therefore, must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### E. Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend.

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III.   Conclusion and Order

For the reasons set forth above, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2).

2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4.   **DISMISSES** this civil action without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.   **GRANTS** Plaintiff leave to re-open this case by filing an Amended Complaint which addresses the deficiencies of pleading identified in this Order within forty-five (45) days. Plaintiff is cautioned his Amended Complaint must be complete in itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the

original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); and

6. **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983," for Plaintiff's use in amending. If Plaintiff chooses to amend, he must caption his pleading as his Amended Complaint, and include Civil Case No. 15cv2137 GPC (NLS) on its title page.

**IT IS SO ORDERED**.

DATED: December 16, 2015

HON. GONZALO P. CURIEL
United States District Judge